IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON Q. QUISENBERRY, ) | CIV F 06-339 AWI TAG |
| ) | |
| Plaintiff, ) | ORDER VACATING JULY 17, |
| ) | 2006, HEARING AND ORDER |
| v. ) | ON DEFENDANT'S RULE |
| ) | 12(b)(5) MOTION |
| CHRIS LEAVELLE, d.b.a. CHRISCO ) | |
| BIT, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Currently pending before the Court is Defendant Chris Leavelle, d.b.a. Chrisco Bit,'s (hereinafter "Leavelle") Rule 12(b)(5) motion to dismiss and is set for hearing on Monday, July 17, 2006. Pursuant to Local Rule 78-230(c), Plaintiff was required to file either an opposition or a notice of non-opposition no later than July 3, 2006. Plaintiff failed to do so.[1] Due to Plaintiff's failure to file a timely opposition or notice of non-opposition, he is in violation of the Local Rules. See 78-230(c). Plaintiff is further not entitled to be heard at oral argument in opposition

---

[1] On July 6, 2006, the Court received an opposition from Plaintiff. The opposition indicates that it was signed on June 29, 2006. However, there is no "mail box rule" in the Federal Eastern District of California for non-prisoners. Plaintiff's opposition is untimely. Moreover, Plaintiff's counsel John Sutton is not admitted to the Eastern District of California Bar. On March 29, 2006, the Clerk sent notice to Plaintiff's counsel that he was not admitted in this bar. The notice instructed Sutton to, *inter alia*, complete an application for practice in this bar and to pay the required fee within 10 days. Sutton failed to do so. Only members of the Bar of the Eastern District of California may practice in this Court. Local Rule 83-180(b). Accordingly, Sutton is not authorized to practice before this Court. Given the untimeliness of the opposition and Sutton's failure to obtain admission in the bar of this Court, Plaintiff's opposition will not be considered.

to the motion. See 78-230(c). The court has reviewed Leavelle's motion and the applicable law, and has determined that the motion may be decided without oral argument. See Local Rule 78-230(h). The Court will vacate the hearing of July 17, 2006, and issue the following order.

## BACKGROUND

On March 27, 2006, Plaintiff filed suit in this Court against, *inter alia*, Leavelle and alleged California causes of action for theft of trade secrets and unfair competition and a claim for false designation of origin under the Lanham Act. On March 29, 2006, the Clerk issued a summons to Plaintiff's counsel. See Court's Docket Doc. No. 2. On April 20, 2006, Plaintiff's counsel sent a written correspondence and enclosed the summons and complaint to the law firm of Wild, Carter, & Tipton ("Wild, Carter"). See Paganetti Declaration at ¶ 3. The correspondence purported to effectuate service on the firm on behalf of Leavelle. Id. The April 20, 2006, correspondence also requests that if Wild, Carter does not represent the defendants, or if the firm does not wish to accept service, that Wild, Carter then forward an "attached Waiver of Service" to the defendants. Exhibit 1 of Paganetti Declaration. On May 9, 2006, Wild, Carter sent a written correspondence to Plaintiff's counsel that stated Wild, Carter was not authorized to accept service on behalf of any defendant. Paganetti Declaration at ¶ 3. On May 17, 2006, Plaintiff's counsel sent a written response that claimed service was proper under Federal Rule of Civil Procedure 5(b)(1) and requested that Leavelle file an answer by June 1, 2006, or else Plaintiff would seek a default. Id.; Exhibit 3 of Paganetti Declaration. On May 26, 2006, Wild, Carter responded that Rule 5(b)(1) does not allow for service of complaint on any attorney where there has not been any appearance. Paganetti Declaration at ¶ 3. Wild, Carter also stated that unless the summons was withdrawn, the firm would file a motion to quash. Id. Wild, Carter received no further reply from Plaintiff's counsel as of May 30, 2006. Id. at ¶ 4. On May 31, 2006, Leavelle filed this Rule 12(b)(5) motion.

**LEGAL STANDARD**

*Rule 12(b)(5)*

A Rule 12(b)(5) motion challenges the validity of the actual method or manner of service of process. See Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986).[2]  Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service.  See O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394, 1400 (7th Cir. 1993).  The manner of service may be improper, for example, where the wrong person is served or where a person who is not authorized to accept service is served. See Schaeffer v. Village of Ossling, 58 F.3d 48, 49-50 (2d Cir. 1995); 2 Moore's Federal Practice – Civil § 12.33 (3d ed.).  Once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981); see Northrup King Co. v. Compania Produciton Semillas Algodoneras Selectas, 51 F.3d 1383, 1387 (8th Cir. 1995); Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986); Cranford v. United States, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005); Wells v. Portland, 102 F.R.D. 796, 799 (D. Or. 1984).  Parties may submit affidavits and exhibits in connection with a 12(b)(5) motion without transforming it into a motion for summary judgment.  See Fed. R. Civ. Pro. 12(b); Travelers Cas. & Sur. Co. v. Telstar Constr. Co., 252 F.Supp.2d 917, 922-23 (D. Ariz. 2003). Where a court determines that service of process was defective, the court has broad discretion to either dismiss the suit or quash the defective service and permit re-service.  Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992); Saez Rivera, 788 F.2d at 821; Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985); Cranford, 359 F.Supp.2d at 984.  In general, however, "if it appears that effective service can be made and there has been no prejudice to the defendant, the court will quash service rather than dismiss the action." Universal Buslink Corp. v. Gen. Patent Corp. Int'l, 2003 U.S. Dist. LEXIS 21192, 3-4 (C.D. Cal. 2003) (quoting Wm. W.

---

[2] Reversed on other grounds, 487 U.S. 412 (1988).

Schwarzer, et al., California Practice Guide: Fed. Civ. Pro. Before Trial, § 5:534 (Rutter Group, 2003); see also Umbenauer, 969 F.2d at 30-31.

## DISCUSSION

There is no valid opposition to Leavelle's motion. The uncontradicted evidence and the May 17, 2006, correspondence from Plaintiff's counsel to Leavelle's counsel shows that Plaintiff is of the position that Leavelle has been properly served pursuant to Rule 5(b)(1) because Plaintiff sent Leavelle's counsel the complaint and summons. See Exhibits 1 & 3 to Paganetti Declaration.

Rule 5(b)(1) states, "Service under Rules 5(a) and 77(d)[3] on a party represented by an attorney is made on the attorney unless the court orders service on the party." Fed. R. Civ. Pro. 5(b)(1). Rule 5(a) in relevant part reads:

> [E]very pleading subsequent to the original complaint ... shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Fed. R. Civ. Pro. 5(a).

"Federal Rule of Civil Procedure 5 . . . governs service of every pleading subsequent to the original complaint." Johnson v. Crown Enters., 398 F.3d 339, 344 (5th Cir. 2005); see also Magnuson v. Video Yesteryear, 85 F.3d 1424, 1430 (9th Cir. 1996). "Rule 4 addresses the procedure to be followed when serving a complaint." Magnuson, 85 F.3d at 1430. Since Plaintiff is attempting to serve Leavelle with the original complaint, Rule 4 governs the method of service and Rule 5 is not applicable. Id.

Rule 4, and in particular Rule 4(e), governs the method/manner of service upon an individual who has not returned a waiver of service and who is located within a federal judicial

---

[3] Federal Rule of Civil Procedure 77(d) deals with service of court orders and judgments. See Fed. R. Civ. Pro. 77(d).

4

district. Fed. R. Civ. Pro. 4. Under Rule 4(e), service may be effectuated on an individual through operation of a California law or through personal delivery, leaving copies of the summons and complaint at the person's abode with someone of a suitable age and discretion and who also resides therein, or delivery to an agent authorized to accept service by appointment or operation of law. See Fed. R. Civ. Pro. 4(e). "The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." United States v. Ziegler Bolt & Supply Co., 111 F.3d 878, 881 (Fed. Cir. 1997). Service of a complaint on the defendant's attorney is ineffective unless the attorney has specific authority to accept service. See Pachiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987); Schultz v. Schultz, 436 F.2d 635, 639-40 (7th Cir. 1971); Guess?, Inc. v. Chang, 163 F.R.D. 505, 508-09 (N.D. Ill. 1995); Newton v. Brook Hansen, Inc., 1994 U.S. Dist. LEXIS 13512 at *5-*7 (E.D. La. 1994).

Here, Exhibit 2 of the Paganetti declaration shows that Wild, Carter was not authorized to accept service on behalf of Leavelle. This indicates improper service under Rule 4(e)(2). Thus, the issue of proper service has been adequately raised by Leavelle, and Plaintiff was required to show the validity of service. Because Plaintiff has not properly responded, Plaintiff has not shown compliance with Rule 4, and the apparent reliance on Rule 5(b)(1) is inappropriate. Accordingly, the Court will grant Leavelle's Rule 12(b)(5) motion. Because there is no indication that process cannot be properly served on Leavelle, the Court will not dismiss this case but will quash the summons that accompanied the April 20, 2006, correspondence to Wild, Carter from Plaintiff's counsel.[4]

---

[4]Leavelle also requests attorney's fees, but does not cite authority or the medium for imposition of these fees. To the extent Leavelle is relying on Rule 11, sanctions/attorney's fees are inappropriate because Leavelle has failed to show compliance with the procedural requirements of Rule 11. See Fed. R. Civ. Pro. 11; Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 788 (9th Cir. 2001); Divane v. Krull Elec. Co., 200 F.3d 1020, 1025 (7th Cir. 1999). To the extent Leavelle relies on the Court's inherent authority to impose sanctions, Leavelle has failed to develop sufficient evidence and argument that Plaintiff's counsel engaged in bad faith or conduct tantamount to bad faith. See Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001). To the extent Leavelle relies on 28 U.S.C. § 1927, there is insufficient argument and evidence to establish that Plaintiff has unreasonably and vexatiously multiplied proceedings. See Gomez, 255 F.3d at 1135. Leavelle's request for attorney's fees is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Leavelle's Rule 12(b)(5) motion is GRANTED and the summons insufficiently served on Leavelle through correspondence dated April 20, 2006, to the Wild, Carter law firm is QUASHED;

2. The July 17, 2006, hearing on Defendant Leavelle's Rule 12(b)(5) motion is VACATED; and

3. In order to further prosecute this case, Plaintiff's counsel John Sutton is to complete and submit an application for admission to the Bar of the Eastern District of California within 10 days of service of this order.[5]

IT IS SO ORDERED.

**Dated:   July 7, 2006**                             **/s/ Anthony W. Ishii**
0m8i78                                                        UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's counsel is hereby warned that the failure to obtain admission in the bar of this Court may result in penalties for unauthorized practice.  See Local Rule 83-180(d).